**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| HAZEL BROWN,<br>        Appellant,<br><br>        v.<br><br>DEPARTMENT OF THE AIR FORCE,<br>        Agency. | DOCKET NUMBER<br>DC-0432-19-0479-I-1<br><br><br>DATE:  June 28, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Carson Bridges and Tyler Sroufe, Dallas, Texas, for the appellant.

Christopher Hawthorne, Joint Base Andrews, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's action removing her for unacceptable performance pursuant to 5 U.S.C. chapter 43.  For the reasons set forth below, we GRANT the petition for review.  We MODIFY the initial decision to:  (1) correct misstatements

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

regarding the agency's burden of proof; (2) clarify the legal standard applicable to the appellant's claim of failure to accommodate disability discrimination; (3) supplement the initial decision to address the appellant's claim of disparate treatment disability discrimination; and (4) clarify the legal standard applicable to the appellant's claim of retaliation for protected equal opportunity employment (EEO) activity. We REMAND the matter to the Washington Regional Office for further adjudication consistent with the U.S. Court of Appeals for the Federal Circuit's decision in *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We modify the initial decision to correct misstatements regarding the agency's burden of proof.</u>[2]

Although the administrative judge correctly stated that the agency's burden of proof was substantial evidence,[3] Initial Appeal File (IAF), Tab 25, Initial Decision (ID) at 3-5, portions of her initial decision misidentified the applicable burden as preponderant evidence,[4] ID at 14-16, 18, 20, 22, 32. However, a different outcome is not warranted. Indeed, even assuming the administrative judge misapplied the burden of proof, the agency was subjected to a higher standard; thus, the appellant's substantive rights were not prejudiced. *See Salter v. Department of the Treasury*, 92 M.S.P.R. 355, ¶ 12 (2002) (explaining that actions taken under chapter 43 are subject to the lower substantial evidence standard rather than the higher preponderant evidence standard); *see also Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an

---

[2] We have considered the appellant's arguments on review; however, we find that none provide a basis to disturb the initial decision. Petition for Review File, Tab 3 at 5-18.

[3] Substantial evidence is the "degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree." 5 C.F.R. § 1201.4(p).

[4] Preponderant evidence is the "degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue." 5 C.F.R. § 1201.4(q).

adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

<u>We modify the initial decision to clarify the legal standard applicable to the appellant's affirmative defense of failure to accommodate disability discrimination.</u>

¶3      An agency is required to make reasonable accommodations to the known physical and mental limitations of an otherwise qualified individual with a disability unless the agency can show that the accommodation would cause an undue hardship on its business operations. *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 (2014); 29 C.F.R. § 1630.9(a). An appellant may establish a disability discrimination claim based on failure to accommodate by showing by preponderant evidence that: (1) she is an individual with a disability as defined by 29 C.F.R. § 1630.2(g); (2) she is a qualified individual with a disability, as defined by 29 C.F.R. § 1630.2(m); and (3) the agency failed to provide her a reasonable accommodation. *Miller*, 121 M.S.P.R. 189, ¶ 13.

¶4      Here, in analyzing the appellant's claim that the agency failed to provide her with a reasonable accommodation, the administrative judge erroneously referenced the legal standard set forth in the Board's decision in *Southerland v. Department of Defense*, 119 M.S.P.R. 566, ¶ 23 (2013), *overruled by Pridgen v. Office of Management and Budget*, 2022 MSPB 31. ID at 37-38. However, because the appellant failed to show that she is a qualified individual with a disability, ID at 38,[5] a different outcome is not warranted, *see Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28 (explaining that a claim

---

[5] The administrative judge stated, among other things, the following: "[the appellant] presented no detailed information regarding her conditions nor did she provide any medical documentation sufficient to conclude that she is a qualified disabled person." ID at 38. She also reasoned that the appellant "offered no evidence or argument that she requested a reasonable accommodation to enable her to complete the essential duties of her position." *Id.* To the extent the administrative judge did not find that the appellant failed to show by preponderant evidence that she is a qualified individual with a disability as defined by 29 C.F.R. § 1630.2(m), we supplement her analysis to make such a finding.

of disability discrimination based on an agency's failure to reasonably accommodate that disability requires that the individual be a qualified individual with a disability); *see also Miller*, 121 M.S.P.R. 189, ¶ 13.

We modify the initial decision to address the appellant's claim of disparate treatment disability discrimination.

¶5 Although the majority of the appellant's allegations of disability discrimination were tethered to her claim that the agency failed to provide her with a reasonable accommodation, some of her arguments before the administrative judge could reasonably be construed as claims of disparate treatment disability discrimination. *E.g.*, IAF, Tab 21 at 28-29. Because the administrative judge did not explicitly address this theory of discrimination in her initial decision and the factual record is fully developed on the issue, we supplement the initial decision to address this claim.

¶6 To prevail in a claim of disparate treatment disability discrimination, an appellant must show that her disability was a motivating factor in the agency's decision to take a personnel action against her. *Pridgen*, 2022 MSPB 31, ¶ 40. Here, we find that the appellant failed to show by preponderant evidence that her alleged disability was a motivating factor in the contested personnel action. Indeed, apart from vague allegations, the record is devoid of evidence suggesting that the appellant's alleged disability precipitated her removal. Moreover, insofar as the appellant failed to show that she is a qualified individual with a disability, her claim of disparate treatment disability discrimination necessarily fails, *see Haas*, 2022 MSPB 36, ¶ 28.

We modify the initial decision to clarify the legal standard applicable to the appellant's affirmative defense of EEO retaliation.

¶7 In finding that the appellant failed to prove her affirmative defense of retaliation for engaging in protected EEO activity, i.e., filing an EEO complaint alleging disability discrimination, the administrative judge referenced the legal standard set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015),

*overruled in part by Pridgen*, 2022 MSPB 31. ID at 40. Relying on this standard, she found that the appellant had presented "no evidence to support a finding that the agency had a retaliatory motive in proposing and affirming [her] removal." ID at 41. Subsequent to the issuance of the initial decision, the Board clarified that an appellant alleging retaliation for activity protected under the Rehabilitation Act must prove that such retaliation was a "but-for" cause of the agency's action. *Pridgen*, 2022 MSPB 31, ¶¶ 44-46. Here, because we agree that the appellant failed to show that her protected EEO activity was a motivating factor in her removal, ID at 41, the appellant's claim necessarily fails under the more stringent "but-for" framework, *see Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 33.[6]

Remand is required in light of *Santos*.

¶8    In affirming the agency's performance-based removal action, the administrative judge correctly applied the Board's precedent setting forth the relevant legal standard for actions under chapter 43 at the time she issued the initial decision. ID at 3-32. Subsequent to the initial decision, however, the Federal Circuit held for the first time that, to support an adverse action under chapter 43, an agency "must justify institution of a PIP" by showing that the employee's performance was unacceptable before the PIP. *Santos*, 990 F.3d at 1360-61. Therefore, to defend an action under chapter 43, an agency must now also prove by substantial evidence that the appellant's performance during the appraisal period prior to the PIP was unacceptable in one or more critical elements. *See Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 15. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Id.*, ¶ 16. The parties here did not

---

[6] Although the administrative judge's analysis referenced direct evidence and types of circumstantial evidence, we find no indication that she disregarded any record evidence because of its direct or circumstantial nature. ID at 38, 40; *see Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 30 (2016), *clarified by Pridgen*, 2022 MSPB 31.

have an opportunity before the administrative judge to address the modified legal standard in light of *Santos*. We therefore remand this case for further adjudication of the appellant's removal under the standard set forth in *Santos*. *See Santos*, 990 F.3d at 1363-64 (remanding the appeal for further proceedings under the modified legal standard); *see also Lee*, 2022 MSPB 11, ¶ 16 (remanding the appellant's chapter 43 appeal because the parties were not informed of the modified standard set forth in *Santos*).

¶9      On remand, the administrative judge shall accept evidence and argument on whether the agency proved by substantial evidence that the appellant's pre-PIP performance was unacceptable. The administrative judge shall hold a supplemental hearing if appropriate. The administrative judge shall then issue a new initial decision consistent with *Santos*. If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate her prior findings on other elements of the agency's case in the remand initial decision. However, regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the administrative judge's analysis of the appellant's affirmative defenses, she should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

**ORDER**

¶10      For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.